# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**CATHERINE BAKER D'ORAZIO,**

      Plaintiff,

v.                                                                Case No:  6:16-cv-604-Orl-37DCI

**COMMISSIONER OF SOCIAL SECURITY,**

      Defendant.

_____

## REPORT AND RECOMMENDATION

Catherine Baker D'Orazio (the Claimant) appeals the Commissioner of Social Security's (the Commissioner) final decision denying her application for disability benefits. Doc. 1. Claimant argues that the Administrative Law Judge (the ALJ) erred by: 1) failing to weigh the opinions of her treating physicians, Drs. Ivette Hernandez and Stephen Reed; and 2) finding her testimony concerning her pain and limitations not credible. Doc. 14 at 9-15. Claimant argues that the matter should be reversed and remanded for further proceedings. *Id*. at 16. The undersigned **RECOMMENDS** that the Commissioner's final decision be **AFFIRMED**.

## I.    THE ALJ'S DECISION.

This case stems from Claimant's application for a period of disability and disability insurance benefits, alleging a disability onset date of March 22, 2012. R. 155-56, 166.

The ALJ issued her decision on September 25, 2014. R. 11-20. The ALJ found that Claimant's date last insured was December 31, 2013. R. 13. The ALJ found that Claimant suffered from the following severe impairments through her date last insured: chronic pancreatitis; left shoulder ACL tear/impingement syndrome status post-surgical repair; diabetes mellitus II, and

peripheral vascular disease. *Id.* The ALJ found Claimant did not meet or equal any listed impairments. R. 14-15.

The ALJ found that Claimant had the residual functional capacity (RFC) to perform light work as defined by 20 C.F.R. § 404.1567(b)[1] through the date last insured, with following additional limitations:

> [Claimant] is limited to no more than occasional climbing of ramps and stairs and occasional balancing, stooping, kneeling, crouching, and crawling. She is limited to frequent reaching and occasional overhead reaching with the left upper extremity. She needs to avoid the climbing of ladders, ropes, and scaffolds. The claimant needs to avoid concentrated exposure to extreme cold, extreme heat, humidity, vibration, the use of moving machinery, and exposure to unprotected heights.

R. 15. In light of this RFC, the ALJ found that Claimant was capable of performing her past relevant work as a sales clerk, payroll clerk, travel clerk, personnel clerk, and appointment clerk through the date last insured. R. 19-20. Therefore, the ALJ did not continue onto step five of the sequential evaluation process, and found that she was not disabled between her alleged onset date, March 22, 2012, through her date last insured, December 31, 2013. R. 20.

## II. STANDARD OF REVIEW.

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is more than a scintilla – i.e., the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence

---

[1] Light work is defined as "lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities." 20 C.F.R. § 404.1567(b).

as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (citing *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) and *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). Where the Commissioner's decision is supported by substantial evidence, the District Court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). The Court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Foote*, 67 F.3d at 1560. The District Court "'may not decide the facts anew, reweigh the evidence, or substitute [its] judgment for that of the [Commissioner].'" *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004) (quoting *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983)).

## III. ANALYSIS.

### A. Treating Physicians Opinions.

Claimant argues that the ALJ failed to consider and weigh Drs. Hernandez's and Reed's opinions. Doc. 14 at 10-13. Claimant maintains that this error is not harmless because Drs. Hernandez and Reed opined that Claimant has greater limitations than those contained in the ALJ's RFC determination. *Id*. at 10-14. The Commissioner tacitly acknowledges that the ALJ did not weigh Drs. Hernandez's and Reed's opinions, *see* Doc. 15 at 5, but maintains that the ALJ's decision reveals that the ALJ considered those opinions. *Id*. at 8-9. The Commissioner argues that to the extent the ALJ erred by not weighing Drs. Hernandez's and Reed's opinions, the error is harmless because the opinions do not conflict with the ALJ's RFC determination. *Id*. at 8-11.

The ALJ assesses the claimant's RFC and ability to perform past relevant work at step four of the sequential evaluation process. *Phillips*, 357 F.3d at 1238. The RFC "is an assessment, based upon all of the relevant evidence, of a claimant's remaining ability to do work despite his impairments." *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997). The ALJ is responsible for determining the claimant's RFC. 20 C.F.R. § 404.1546(c). In doing so, the ALJ must consider all relevant evidence, including, but not limited to, the medical opinions of treating, examining and non-examining medical sources. *See* 20 C.F.R. § 404.1545(a)(3); *see also Rosario v. Comm'r of Soc. Sec.*, 490 F. App'x 192, 194 (11th Cir. 2012).[2]

The ALJ must consider a number of factors in determining how much weight to give each medical opinion, including: 1) whether the physician has examined the claimant; 2) the length, nature, and extent of the physician's relationship with the claimant; 3) the medical evidence and explanation supporting the physician's opinion; 4) how consistent the physician's opinion is with the record as a whole; and 5) the physician's specialization. 20 C.F.R. § 404.1527(c).

A treating physician's opinion must be given substantial or considerable weight, unless good cause is shown to the contrary. *See* 20 C.F.R. § 404.1527(c)(2) (giving controlling weight to the treating physician's opinion unless it is inconsistent with other substantial evidence); *see also Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1179 (11th Cir. 2011). There is good cause to assign a treating physician's opinion less than substantial or considerable weight, where: 1) the treating physician's opinion is not bolstered by the evidence; 2) the evidence supports a contrary finding; or 3) the treating physician's opinion is conclusory or inconsistent with the physician's own medical records. *Winschel*, 631 F.3d at 1179.

---

[2] In the Eleventh Circuit, unpublished decisions are not binding, but are persuasive authority. *See* 11th Cir. R. 36-2.

The ALJ must state the weight assigned to each medical opinion, and articulate the reasons supporting the weight assigned to each opinion. *Winschel*, 631 F.3d at 1179. The failure to state the weight with particularity or articulate the reasons in support of the weight prohibits the Court from determining whether the ultimate decision is rational and supported by substantial evidence. *Id*.

Claimant treated with Dr. Hernandez, a primary care physician, on several occasions between February 2012 and July 2012. R. 233-54. Claimant complained of back pain on several occasions during this period. R. 243, 246, 249, 251. Claimant's physical examinations during this period were largely unremarkable, with the exception of occasional observations of pain and tenderness in the lumbar spine. R. 237-38, 244-45, 247, 249, 253. An x-ray of Claimant's lumbar spine performed on March 6, 2012, was largely unremarkable, revealing only minimal scoliosis, and minimal age-appropriate degenerative changes. R. 255. On March 20, 2012, Dr. Hernandez opined that Claimant should "avoid heavy lifting." R. 245. Dr. Hernandez's treatment records contain no other statements or opinions concerning Claimant's functional limitations. *See* R. 233-54.

Claimant treated with Dr. Reed, an orthopedic surgeon, on several occasions between January 2013 and April 2013, due to issues with her left shoulder. R. 407-14, 423-25, 429-30. Dr. Reed diagnosed Claimant with "chronic subacromial impingement syndrome, left shoulder with rotator cuff tear." R. 413. On February 25, 2013, Dr. Reed performed arthroscopic surgery on Claimant's left shoulder. *Id*. On April 8, 2013, Dr. Reed saw Claimant during a follow-up appointment concerning her post-surgical recovery. R. 408. The treatment note states, under the heading "History of Present Illness," that Claimant "[s]till [has] difficulty with overhead motions and lifting." *Id*. It is not clear whether Claimant reported these issues, or whether Dr. Reed opined

that Claimant continued to have difficulty with overhead motions and lifting. *See id.* The undersigned will nevertheless presume, for purposes of this appeal, that the foregoing statement is Dr. Reed's opinion concerning Claimant's functional limitations. Dr. Reed's treatment records contain no other statements or opinions concerning Claimant's functional limitations. *See* R. 407-14, 423-25, 429-30.

The ALJ's decision reveals that she considered Drs. Hernandez's and Reed's treatment records. R. 16-19. The ALJ did not mention Dr. Hernandez's opinion, *see id.*, but did mention Dr. Reed's opinion, stating:

> The records dated March and April 2013 from [Dr. Reed] . . . indicate that the claimant subsequently underwent left shoulder therapy after arthroscopy, working on exercises and range of motion of the shoulder, although noting that the claimant still had difficulty with overhead motions and lifting.

R. 17. The ALJ subsequently explained the following with respect to Claimant's shoulder impairment:

> The undersigned acknowledges that the claimant has had some limitations related to her left shoulder and, therefore, has assessed a residual functional capacity for a reduced range of light work with no more than occasional overhead reaching and frequent other reaching to adequately account for any credible symptoms during the period at issue.

R. 18. The ALJ, as previously mentioned, found Claimant capable of performing light work as defined by 20 C.F.R. § 404.1567(b) through the date last insured, with following additional limitations:

> [Claimant] is limited to no more than occasional climbing of ramps and stairs and occasional balancing, stooping, kneeling, crouching, and crawling. She is limited to frequent reaching and occasional overhead reaching with the left upper extremity. She needs to avoid the climbing of ladders, ropes, and scaffolds. The claimant needs to avoid concentrated exposure to extreme cold, extreme heat,

humidity, vibration, the use of moving machinery, and exposure to unprotected heights.

R. 15. The ALJ did not expressly assigned weight to Dr. Hernandez's or Dr. Reed's opinions. *See* R. 15-19. The ALJ, instead, found that "the record does not contain any opinions from treating physicians indicating the claimant is disabled or has limitations greater than those determined in this decision." R. 19.

The ALJ's decision sufficiently demonstrates that she considered Drs. Hernandez's and Reed's treatment records, as well as their opinions in reaching her RFC determination. R. 16-19.[3] The ALJ did not weigh Drs. Hernandez's or Reed's opinions, *see* R. 15-19, but, instead, found that "the record does not contain any opinions from treating physicians indicating the claimant is disabled or has limitations greater than those determined in this decision." R. 19. Thus, the ALJ considered Drs. Hernandez's and Reed's opinions, and found that neither opined that Claimant has greater limitations than those contained in her RFC determination. *Id.* This finding, as discussed in more detail below, is accurate and demonstrates, contrary to Claimant's argument, that the ALJ properly considered Drs. Hernandez's and Reed's opinions in reaching her RFC determination.

The ALJ, as previously mentioned, failed to weigh Drs. Hernandez's and Reed's opinions. *See* R. 15-19. The failure to weigh these opinions is error. *Winschel*, 631 F.3d at 1179. The error, though, is harmless, because Claimant has failed to demonstrate that the opinions do not contain

---

[3] The undersigned recognizes that the ALJ did not expressly mention Dr. Hernandez's opinion in her decision. It is axiomatic that the ALJ is not required to refer to every piece of evidence in the ALJ's decision, so long as the omission does not evidence a broad rejection of certain evidence that frustrates the court's ability to determine whether the ALJ considered the claimant's condition as a whole. *See Dyer v. Barnhart*, 395 F.3d 1206, 1211 (11th Cir. 2005). The ALJ, as previously mentioned, considered Dr. Hernandez's treatment records, R. 16, which contained her opinion. R. 243-45. Thus, the undersigned finds that the ALJ's decision sufficiently reflects that she considered Dr. Hernandez's opinion, and, thus, the ALJ's decision does not reflect a broad rejection of that evidence.

any specific functional limitations that are more restrictive than the ALJ's RFC determination. *See Wright v. Barnhart*, 153 F. App'x 678, 684 (11th Cir. 2005) (per curiam) (failure to weigh a medical opinion is harmless error if the opinion does not directly contradict the ALJ's RFC determination); *Caldwell v. Barnhart*, 261 F. App'x 188, 190 (11th Cir. 2008) (per curiam) (similar). The ALJ, as previously mentioned, found Claimant had the RFC to perform light work as defined by 20 C.F.R. § 404.1567(b) through the date last insured, with following additional limitations:

> [Claimant] is limited to no more than occasional climbing of ramps and stairs and occasional balancing, stooping, kneeling, crouching, and crawling. She is limited to frequent reaching and occasional overhead reaching with the left upper extremity. She needs to avoid the climbing of ladders, ropes, and scaffolds. The claimant needs to avoid concentrated exposure to extreme cold, extreme heat, humidity, vibration, the use of moving machinery, and exposure to unprotected heights.

R. 15. Claimant argues that the ALJ failed to account for Dr. Hernandez's opinion that Claimant should avoid "heavy lifting," and Dr. Reed's opinion that Claimant has "difficulty with overhead motions and lifting." Doc. 14 at 10-13. The undersigned is unpersuaded. The ALJ accurately found that Claimant's treating physicians – which include Drs. Hernandez and Reed – did not opine that Claimant was disabled or that she had functional limitations greater than those contained in the ALJ's RFC determination. R. 19. Thus, the ALJ essentially found that her RFC determination did not conflict with the opinions of Claimant's treating physicians, including Drs. Hernandez and Reed. *Id*. The ALJ accounted for Claimant's lifting limitations by limiting her to light work, R. 15, which requires "lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds." 20 C.F.R. § 404.1567(b). The ALJ accounted for Claimant's difficulty with overhead motions by limiting her to "frequent reaching and occasional

overhead reaching with the left upper extremity." R. 15, 18.[4]  Claimant has failed to convincingly explain how the ALJ's RFC determination fails to sufficiently account for Drs. Hernandez's and Reed's opinions. *See* Doc. 14 at 10-13.  The undersigned finds that these limitations are consistent with the medical evidence of record, particularly Claimant's left shoulder impairment.  Further, the undersigned finds that the ALJ's RFC determination does not conflict with Drs. Hernandez's and Reed's opinions, and is generally consistent with their otherwise general opinions concerning Claimant's functional limitations.  Therefore, the undersigned finds that the ALJ's failure to expressly weigh Drs. Hernandez's and Reed's opinions is harmless error.  Accordingly, it is **RECOMMENDED** that the Court reject Claimant's first assignment of error.

**B. Credibility.**

The ALJ found Claimant's testimony concerning the intensity, persistence and limiting effects of her symptoms not entirely credible, and articulated several reasons in support of that finding. R. 16-19.  Claimant challenges the ALJ's credibility determination, but does not challenge any of the reasons the ALJ articulated in support of her credibility determination. *See* Doc. 14 at 14-15.  Instead, Claimant argues that the ALJ's credibility determination is not supported by substantial evidence because the ALJ "failed to apply the correct legal standards" to Drs. Hernandez's and Reed's opinions, which, Claimant maintains, support her testimony. *Id*.  Thus, Claimant's argument is dependent upon the success of the preceding argument concerning Drs.

---

[4] The term frequent is generally defined as performing an activity for 1/3 to 2/3 of the time in an 8-hour workday. U.S. Department of Labor, *Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles* (1993) (*DOT*), Appendix C (defining frequently to mean that the activity exists from 1/3 to 2/3 of the time).  The term occasionally is generally defined as performing an activity for up to 1/3 of the time in an 8-hour workday. *See* SSR 96-9p, 1996 WL 374185, at *3 (July 2, 1996) ("Occasionally means occurring from very little up to one-third of the time, and would generally total no more than about 2 hours of an 8-hour workday.") (internal quotations omitted); *DOT*, Appendix C (defining occasionally to mean that the activity exists up to 1/3 of the time).

Hernandez's and Reed's opinions. The undersigned concluded that the ALJ considered Drs. Hernandez's and Reed's opinions and that the failure to assign a specific weight to those opinions was harmless error. *See supra* pp 3-9. Therefore, the undersigned finds Claimant's argument challenging the ALJ's credibility determination unavailing. Accordingly, it is **RECOMMENDED** the Court reject Claimant's second assignment of error.

IV. **CONCLUSION.**

Accordingly, it is **RECOMMENDED** that the Court:

1. **AFFIRM** the Commissioner's final decision; and
2. Direct the Clerk to enter judgment in favor of the Commissioner and against the Claimant, and close the case.

### NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Recommended in Orlando, Florida on April 24, 2017.

DANIEL C. IRICK
UNITES STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party

Courtroom Deputy